William STAPLES and Llewellyn Culbert,
Plaintiffs-Appellants,

v.

Warren YOUNG, Michael Traut, E. Williams,
Charles Miller, Walter J. Dickey, John Torphy
and Linda Reivitz (Inmate Complaint System),
Defendants-Respondents.†

Court of Appeals

*No. 86–2077. Submitted on briefs April 10, 1987.—Decided
November 12, 1987.*

(Also reported in 418 N.W.2d 329.)

† Petition to review granted.

For the plaintiffs-appellants the cause was submitted on the briefs of *William Staples* and *Llewellyn Culbert, pro se.*

For the defendants-respondents the cause was submitted on the brief of *Frank D. Remington* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.   William Staples and Llewellyn Culbert are inmates at Waupun Correctional Institution. They appeal from an order granting summary judgment dismissing their complaint for relief under 42 U.S.C. sec. 1983.[1] The defendants are superinten-

---

[1] 42 U.S.C. sec. 1983 provides in relevant part:

"Every person who, under color of any ... regulation, ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...."

dent of Waupun Warren Young, social services supervisor Michael Traut, inmate complaint investigator E. Williams, correctional complaint examiner Charles Miller, administrator of the Division of Corrections Walter J. Dickey, Department of Health and Social Services, deputy secretary John Torphy, and secretary of the department Linda Reivitz.

Staples and Culbert claim that the defendants deprived them of their liberty and property without due process of law. They base their constitutional claims on the manner in which defendants processed complaints Staples and Culbert had filed under Wis. Adm. Code sec. HSS 310.03 (1981) et seq., the inmate complaint review system.[2]

Summary judgment methodology is described in several cases, such as *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983). The methodology is used to analyze the pleadings and affidavits submitted regarding a motion for summary judgment to determine whether a factual issue must be tried. Our review is *de novo,* and we decide the case without deference to the trial court's decision.

---

[2]For a general description of the inmate complaint review system, see *State ex rel. Staples v. DHSS,* 136 Wis. 2d 487, 402 N.W.2d 369 (Ct. App. 1987). It affords inmates, "a process by which grievances may be expeditiously raised, investigated and decided." Wis. Adm. Code sec. HSS 310.01(1) (1981). The process begins with a complaint filed with the inmate complaint investigator and follows with review levels by the superintendent, the corrections complaint examiner, the division administrator, and the secretary of the department. Wis. Adm. Code sec. HSS 310.025 (1981).

We affirm the order dismissing the complaint as to Staples but reverse the order in part as to Culbert.[3]

## STAPLES

The first step in summary judgment methodology is to determine whether the complaint states a claim. If the complaint fails to state a claim, summary judgment dismissing the complaint must be granted, and the analysis stops.

Staples alleges that he filed an inmate complaint claiming that the prison staff had physically abused him. He alleges that he unsuccessfully sought review at all administrative levels in the inmate complaint review system and his complaint was ultimately dismissed on the grounds that he had brought an action in federal district court regarding the same incident. He alleges that by dismissing his complaint because of his federal court action, rather than addressing the merits of his claim, defendants showed their "deliberate indifference" to his liberty interest in the inmate complaint review system.

Defendants concede on appeal that the federal district court action probably provided no basis to dismiss Staples's inmate complaint. Defendants contend that the error does not, however, rise to a violation of due process. They therefore assert that Staples's sec. 1983 complaint was properly dismissed.

At this point we note the nature of Staples's sec. 1983 claim. He claims that his right to due process was violated, not because he was denied the relief he sought in his inmate complaint, but because the

[3]Staples and Culbert filed a single complaint covering their individual claims. No issue is raised regarding joinder.

defendants did not address the merits of his complaint. Indeed, he fails to allege that he sought judicial review of the decision to dismiss his inmate complaint. Consequently, whether dismissal of that complaint resulted in an unconstitutional deprivation of Staples's property or liberty is not an issue.

Compensatory damages for actual injury caused by a denial of procedural due process itself are recoverable under sec. 1983. *Carey v. Piphus,* 435 U.S. 247, 264 (1978). If no actual injury has resulted from a denial of procedural due process, nominal damages should be awarded. *Id.* at 266. We must therefore determine whether Staples has pleaded a claim under sec. 1983 for denial of procedural due process.

We agree with defendants that an error of law by state officials does not, without more, establish a claim under 42 U.S.C. sec. 1983. The allegation that the state officials have failed to follow procedural provisions of state law, "without more," does not state a claim under 42 U.S.C. sec. 1983. *Martin v. Blackburn,* 581 F.2d 94 (5th Cir. 1978); *Shields v. Hopper,* 519 F.2d 1131, 1132 (5th Cir. 1975); *McDowell v. Texas,* 465 F.2d 1342, 1348 (5th Cir. 1972) (en banc), cert. denied 410 U.S. 943 (1973).

More than a lack of care or negligence is necessary to allege a violation of due process. "Historically, this guarantee of due process has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 331 (1986) (emphasis in original). Due process protections are not "triggered by lack of due care by prison officials." *Id.* at 333.

None of the historical and traditional concerns of the due process clause are touched by the error of law defendants committed. In the absence of other circumstances, the erroneous dismissal of his complaint on grounds that Staples's federal district court action was pending is not a deliberate, arbitrary or oppressive decision to deprive him of his rights. Although Staples alleges that the defendants showed a "deliberate indifference" to his rights, this is insufficient to allege that a decision based on an error of law was a deliberate decision to deprive him of his rights.

We conclude that Staples's complaint fails to state a claim under 42 U.S.C. sec. 1983. The trail court properly dismissed his complaint.

## CULBERT

Culbert alleges that on May 6, 1983 he filed an inmate complaint with the prison authorities seeking damages for the loss of a large amount of his property. The matter wound its way through the inmate complaint review system until the deputy secretary of the department affirmed the decisions and recommendations at lower levels to dismiss the complaint. The final decision was made on July 25, 1985, more than two years after Culbert filed his complaint.

The first delay was at the initial stage. The inmate complaint investigator who received Culbert's complaint on May 9, 1983, should have forwarded her report and recommendation to the prison superintendent within ten working days. Wis. Adm. Code sec. HSS 310.07(3) (1981). She forwarded her recommendation on June 14, 1983. A delay of twenty-six working days resulted.

A two-year delay occurred at the corrections complaint examiner stage. The superintendent had accepted the complaint investigator's recommendation to dismiss Culbert's complaint. To appeal the superintendent's decision, Culbert filed a request on June 30, 1983 for review with the corrections complaint examiner. The complaint examiner should have recommended a decision to the administrator of the division of corrections within twenty-two working days. Wis. Adm. Code sec. HSS 310.09(10) (1981). It was not until June 27, 1985, that the examiner recommended that the complaint be dismissed.

Culbert's sec. 1983 claim that his constitutional rights were violated rests on these delays rather than on the decision to dismiss his inmate complaint. His claim for relief is therefore predicated upon a denial of procedural due process, not on a deprivation of property or liberty. As we have noted, compensatory damages are recoverable under sec. 1983 for actual injury caused by a denial of procedural due process, and nominal damages should be awarded if actual injury is not proved. *Carey,* 435 U.S. at 266–67.

We conclude that Culbert fails to state a claim under sec. 1983 based on the twenty-six day delay. Culbert fails to allege that this delay was deliberate. The due process protection applies to deliberate state action. *Daniels,* 474 U.S. at 330–31.

We turn to the two-year delay. Culbert alleges that in delaying action on the inmate complaint the defendants acted with "deliberate indifference." Because the due process clause protects the individual from deliberate state action, we conclude as to this

delay that the complaint states a claim under 42 U.S.C. sec. 1983.

Defendants argue, however, that Culbert's complaint is defective because he waived his right to have the twenty-two day time limit enforced and because he "contributed" to the two-year delay. They rely on Wis. Adm. Code sec. HSS 310.09(10)(1981) which provides that if the complaint examiner fails to make a recommendation within twenty-two days, "the assumption shall be that the superintendent's decision is affirmed." Culbert does not contest defendants' position that after twenty-two days, he could have immediately sought review by the administrator under Wis. Adm. Code sec. HSS 310.10(1)(1981), rather than waiting two years for the examiner's decision.

Both arguments lack merit. Even if Culbert waived his right to immediate review at the next level after the twenty-two day delay, his sec. 1983 claim rests on defendants' "deliberate indifference." His waiver did not vest defendants with permission to violate his right to procedural due process through deliberate indifference. Nothing in Culbert's complaint shows that anything other than defendants' deliberate indifference caused the delay.

Having concluded that the complaint states a claim, we turn to defendants' answer. Defendants admit that the delay occurred at the corrections complaint investigator level but deny that Culbert's constitutional rights were violated. Defendants affirmatively allege that they acted in good faith. Williams alleges that she was not employed by the Division of Corrections "at this time" and had no personal involvement. Traut and Reivitz allege that they were not involved in the administrative process. We con-

clude that the answer asserts defenses and raises issues of material fact.

Because the pleadings raise issues of material fact, we reach the defendants' motion for summary judgment. We examine the motion and the affidavits supporting it to determine whether defendants have made a prima facie case for dismissal. To make a prima facie case, the affidavits supporting the motion must state evidentiary facts which, unless controverted, would resolve all factual issues in the defendants' favor. *Walter Kassuba, Inc. v. Bauch,* 38 Wis. 2d 648, 655, 158 N.W.2d 387, 391 (1968). If the defendants have not made a prima facie case for summary judgment, the motion must be dismissed. *Kraemer Bros. v. United States Fire Ins. Co.,* 89 Wis. 2d 555, 567, 278 N.W.2d 857, 862 (1979). Only if the affidavit supporting the motion makes a prima facie case for summary judgment must we examine the affidavits opposing the motion. *Id.*

An affidavit by Miller, the corrections complaint examiner, supports the motion for summary judgment. Miller asserts that he investigated Culbert's claim. He met with Culbert several times to inform him of the progress of the investigation, to obtain additional information and to resolve the complaint. When Miller visited Waupun Correctional Institution, he often met with Culbert. Although he has not documented the date of each meeting, he was at the prison on twelve occasions in March and November, 1984.

Miller's affidavit does not state a prima facie defense to Culbert's claim that defendants deprived him of procedural due process. The essence of Culbert's claim is that the defendants acted with deliber-

ate indifference for two years. Because they have moved for summary judgment, the burden is on the defendants to show that no genuine issue exists in that regard. That Miller met with Culbert "several" times in a two-year period fails to establish a defense to the claim that he acted indifferently.

No other affidavit supports defendants' motion.[4] The record does contain defendants' trial brief, and several documents are attached to it, but none of those documents is supported by affidavit. Documents submitted to support or oppose a motion for summary judgment must be supported by affidavit. Sec. 802.08(3), Stats. The documents attached to defendants' trial brief cannot be considered when ruling on their motion.

Because defendants have not established a prima facie case for summary judgment, the trial court should not have dismissed Culbert's complaint. *Kraemer Bros.,* 89 Wis. 2d at 566–67, 278 N.W.2d at 862. We do not hold that Culbert is entitled to recover but only that he has stated a claim on which he may recover whatever damages he establishes for an actual injury or recover nominal damages, if the facts are as he alleges.

*By the Court.*—Order dismissing complaint affirmed as to William Staples and reversed in part as to

---

[4]For this reason we are unable to decide whether Traut and Reivitz, who allege they were not involved in the administrative process, should be dismissed as parties to this suit. That Traut and Reivitz have pleaded they were not involved is not evidence of that fact. *Krezinski v. Hay,* 77 Wis. 2d 569, 572, 253 N.W.2d 522, 524 (1977).

Llewellyn Culbert, and cause remanded for further proceedings.