William STAPLES and Llewellyn Culbert,
Plaintiffs-Appellants,

v.

Warren YOUNG, Michael Traut, E. Williams,
Charles Miller, Walter J. Dickey, John Torphy,
and Linda Reivitz (Inmate Complaint System),
Defendants-Respondents-Petitioners.

Supreme Court

*No. 86–2077. Submitted on briefs January 31, 1989.—Decided
April 25, 1989.*

(Also reported in 438 N.W.2d 567.)

For the defendants-respondents-petitioners there was a brief by *Paul W. Schwarzenbart* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* Madison.

For the plaintiffs-appellants there were briefs (in court of appeals) by *William Staples* and *Llewellyn Culbert,* pro se.

HEFFERNAN, CHIEF JUSTICE. This is a review of a decision of the court of appeals[1] which reversed, in part, an order of summary judgment by the circuit court for Dane county, Judge P. Charles Jones,

[1]*Staples v. Young,* 142 Wis. 2d 194, 418 N.W.2d 329 (Ct. App. 1987).

dismissing William Staples' and Llewellyn Culbert's claims for relief under 42 U.S.C. sec. 1983. Staples did not seek review of the portion of the court of appeals decision which affirmed the dismissal of his claim. Culbert claims that failure to comply with the mandatory time deadlines for review of prisoner complaints under Wis. Adm. Code Chapter HSS 310, is a violation of the Due Process Clause of the United States Constitution. The court of appeals agreed and reversed the dismissal of Culbert's complaint. Because WAC Ch. HSS 310 creates no liberty interest to which the Due Process Clause attaches, Culbert has not stated a claim under sec. 1983. We therefore reverse that part of the court of appeals order which reinstated Culbert's claim.

The defendants in this suit, including the superintendent of the prison, are collectively responsible for review of inmate complaints under WAC Ch. HSS 310. Culbert is an inmate at Waupun Correctional Institution. On May 6, 1983, he filed an inmate complaint, alleging that items of personal property had not been returned to him after a stay in segregation. In June of 1983, the prison superintendent dismissed Culbert's complaint. Culbert filed a request for review of the dismissal of his complaint. In 1985, two years later, Administrator Dickey affirmed the dismissal.[2]

[2]WAC Ch. HSS 310 (1981) provided that complete review of a complaint, expeditiously pursued by the inmate, would be finished in 47 working days or sooner. When a time deadline for any step in the review procedure expires, an inmate may presume that the complaint is denied at that level, and move to the next step. See e.g., WAC Ch. HSS 310.09(10). However, an inmate may waive the time limit at certain steps in the process in hope of procuring a favorable decision at that level, e.g., WAC Ch. HHS 310.09(11).

During the two-year review in this case, correctional complaint examiner Miller contacted Culbert several times for information about the matter. In Miller's final recommendation to Dickey, he

On November 25, 1985, Culbert filed this action in Dane county circuit court alleging that defendants, through their deliberate indifference, denied his right, created by the WAC Ch. HSS 310, to a prompt administrative redress for his prisoner complaints. Culbert argues that the defendants deprived him of a state-created liberty interest. His action under 42 U.S.C. 1983[3] demands $300 in actual damages (his lost property) and punitive damages in addition to injunctive relief.

While under the fourteenth amendment no state may "deprive any person of life, liberty, or property, without due process of law," it is well-recognized that only a limited range of interests are protected by this provision of the United States Constitution. *Hewitt v. Helms,* 459 U.S. 460, 466 (1983). Culbert does not claim that he has been deprived of constitutionally protected life or property[4] interests. He alleges that he has been deprived of a protected liberty interest.

---

apologized for his delay, suggesting that he allowed himself to "vacillate for too long."

[3]42 U.S.C. 1983 provides in relevant part:

> Every person who, under color of any ... regulation, ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

[4]Culbert has not claimed that the loss of his property constituted a constitutionally protected deprivation directly actionable under sec. 1983. Such a claim would require that prison officials failed to return the property with some degree of intent. *Daniels v. Williams,* 474 U.S. 327 (1986).

The court of appeals construed Culbert's claim as a violation of procedural due process. 142 Wis. 2d at 202. This was done without careful consideration of whether Culbert has a valid, protected underlying interest. No process is constitutionally due unless Culbert demonstrates an interest that requires protection.

In a dissenting opinion, Justice John Paul Stevens has observed that the Supreme Court has recognized that a protected liberty interest may spring from at least two sources: it may originate in the constitution or it may be created by state law. *Meachum v. Fano,* 427 U.S. 215, 230 (1976). Culbert does not allege that his liberty interest is implied directly by the constitution. Rather, he argues that he has been deprived of a liberty interest created by WAC Ch. HSS 310. The Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the fourteenth amendment." *Vitek v. Jones,* 445 U.S. 480, 488 (1980). The Due Process Clause of the constitution protects certain state-created liberty interests, just as it protects state-defined property interests. *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974).

The Supreme Court has stated a two-part test to aid in determination of whether a state regulation creates a liberty interest that is protected by the Due Process Clause. Where a state regulation uses "explicitly mandatory language in connection with requiring specific substantive predicates" for official action, a protected liberty interest is created. *Hewitt v. Helms,* 459 U.S. 460, 472 (1983). *Hewitt* considered Pennsylvania's regulations for confining prisoners in administrative segregation. The Court stated that the Due Process

Clause did not directly protect prisoners from being confined in segregation—that not being so confined was not a liberty interest in respect to one who was lawfully confined to a state institution. The Court also noted that they were loath to constitutionalize regulations governing the day-to-day administration of the prison system. Nevertheless, because Pennsylvania framed its regulations with "language of an unmistakably mandatory character, requiring that certain procedures 'shall,' 'will,' or 'must' be employed," and that "administrative segregation will not occur absent specified substantive predicates," *id.* at 471–472, the Court found a protected, state-created liberty interest.[5]

The seventh circuit has considered a similar case involving a claim that a protected liberty interest is created by WAC Ch. HSS 303, a Wisconsin regulation governing classification of inmate disciplinary violations. *Culbert v. Young,* 834 F.2d 624, 628 (7th Cir. 1987).[6] In accord, *State ex rel. Staples v. Young,* 142 Wis. 2d 348, 418 N.W.2d 333 (Ct. App. 1987). In the seventh circuit case, the panel concluded that because neither part of the *Hewitt* test was satisfied, no protected liberty interest was created by the regulation. We reach the same conclusion with regard to the regulation involved in this case.

WAC Ch. HSS 310 creates an Inmate Complaint Review System, with the purpose of affording inmates a procedure by which grievances may be expeditiously raised, investigated and decided.[7] The chapter imposes

---

[5]The majority went on to conclude that although due process attached to this liberty interest, the process afforded for protection of that interest met the constitutional minimum. *Hewitt* at 472–477.

[6]Brought by the same plaintiff, Llewellyn Culbert.

[7]Wis. Admin. Code Ch. HHS 310 (current) provides, in part:

HSS 310.01 **Purpose.**

time limits for completion of various stages of the review process.

WAC Ch. HSS 310 appears to employ mandatory language. The regulation provides that the division of corrections "shall maintain an inmate complaint review system (ICRS) in the adult correctional institutions." WAC Ch. HSS 310.03(1). Chapter HSS 310 is also mandatory in its expression of the time limits for various stages of review in the complaint process. For example, the regulations provide that "[w]ithin 5 calendar days after receipt of the [Inmate Complaint Investigator's] report, the [institution's] superintendent shall render a written decision." WAC Ch. HSS 310.08(1). The defendants (Inmate Complaint System), however, urge that the time limits are directory rather than mandatory because they may be waived by the complainant, and because they provide default disposition of complaints if time deadlines are not met. Although we believe that this regulation uses language of an "unmistakably mandatory character," we need not rely upon the first *Hewitt* test to resolve this case.

We find the second *Hewitt* test dispositive: this statute does not "require specific substantive predi-

---

(1) The policy of the division of corrections is to afford inmates in adult institutions a process by which grievances may be expeditiously raised, investigated, and decided.

. . .

HSS 310.025 **Organization of inmate complaint review system.** The following steps outline the procedure for raising and resolving a grievance:

(1) . . . an inmate files a complaint . . .

(2) The ICI [inmate complaint investigator] . . . investigates . . . attempts to resolve . . . and recommends a decision to the superintendent.

(3) The superintendent . . . renders a decision . . .

(4) An inmate may appeal . . . .

cates"[8] for any official action. The only official action that is predicated upon these procedures and the time deadlines is review of the inmate complaint. The default option, i.e., if no official response is made within the required time, is that it is deemed that action is denied on the inmate complaint, and the inmate may proceed to the next step of the review process. WAC Ch. HSS 310.08(2). Expiration of the time limits do not preclude an inmate from pursuing his grievance through other legal processes.[9] The complaint review system simply does not in any way substantively limit the power of prison officials to act.

Our conclusion that no liberty interest is created by the promulgation of a prison grievance procedure is supported by the reasoning of United States District Courts passing on inmate grievance procedures in other states. The United States District Court for the Northern District of Illinois in *Azeez v. DeRobertis,* 568 F. Supp. 8, 10 (1982), found that Illinois' inmate grievance procedure conferred no substantive rights and therefore did not give rise to a protected liberty interest. Missouri's failure to follow the time limits of its inmate grievance procedure did not give rise to a sec. 1983 claim. *Spencer v. Moore,* 638 F. Supp. 315 (E.D. Mo.

---

[8]Judge Easterbrook, writing for a Seventh Circuit panel in *Miller v. Henman,* 804 F.2d 421, 424 (1986), suggests that the question under the due process clause is not whether some standards exist, but whether these standards impose substantive restrictions on the exercise of official discretion. See also *Shango v. Jurich,* 681 F.2d 1091, 1100 (7th Cir. 1982).

[9]Exhaustion of state administrative procedure, including the inmate complaint review procedure, is required before prisoners may seek relief under 42 U.S.C. sec. 1983. *McKeever v. Israel,* 476 F. Supp. 1370 (E.D. Wis. 1979). WAC Ch. HSS 310 (current) guarantees that administrative review may be exhausted, if diligently pursued by the inmate, within 52 calendar days or less.

1986). Nor does Wisconsin's inmate complaint procedure give rise to a liberty interest that is protected by the Due Process Clause of the United States Constitution. █

█tanding alone, Wisconsin's inmate grievance system does not create a constitutionally protected liberty right. It may, of course, provide the "process" that is "due" if an independent, protected property or liberty interest is violated. But inmate grievance review is not independently guaranteed by the constitution, either directly or by the administrative provisions of WAC HSS Ch. 310.

Accordingly, we reverse that portion of the decision of the court of appeals that was accepted for review.

*By the Court.*—The decision of the court of appeals is reversed.

BABLITCH, WILLIAM A., J., took no part.