Jerry SAENZ, Plaintiff-Appellant,

v.

James P. MURPHY, Colleen James and Marv Prieve,
Defendants-Respondents-Petitioners.

Supreme Court

*No. 88-2084. Argued February 26, 1991.—Decided May 22,
1991.*

(Also reported in 469 N.W.2d 611.)

For the defendants-respondents-petitioners the cause was argued by *John J. Glinski,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

For the plaintiff-appellant there was a brief by *Martha K. Askins,* assistant state public defender and *Steven H. Steinglass,* Cleveland State University—Marshall College of Law, Cleveland, Ohio and oral argument by *Ms. Askins.*

LOUIS J. CECI, J.    This case is before the court on petition for review of a decision of the court of appeals, *Saenz v. Murphy,* 153 Wis. 2d 660, 451 N.W.2d 780 (Ct. App. 1989). The court of appeals affirmed in part and reversed in part a judgment of the circuit court for Dane county, George A.W. Northrup, Circuit Judge. The circuit court granted summary judgment to the defendants on the grounds that Jerry Saenz (Saenz) was accorded due process of law and, therefore, did not have a cause of action under 42 U.S.C. sec. 1983 (1988) [hereinafter sec. 1983].[1] The court of appeals held that Saenz did have a cause of action under sec. 1983 because he was

---

[1] 42 U.S.C. sec. 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable

denied his constitutional right to call a witness at an inmate disciplinary hearing. *Saenz,* 153 Wis. 2d at 681–82. The court of appeals dismissed the other grounds Saenz advanced to support this sec. 1983 action, and Saenz does not seek review in this court of that part of the court of appeals decision.

One issue is present on this review: whether the defendants denied Saenz his constitutional right to call witnesses at his inmate disciplinary hearing. We hold that as a matter of law the defendants did not deny Saenz his right to call witnesses because Saenz waived his right to do so by walking out of his disciplinary hearing without objecting to the lack of witnesses.[2] Accordingly, the circuit court properly granted summary judgment to the defendants.

The facts relevant to this review are not in dispute. On November 7, 1987, Saenz, while he was an inmate of the Columbia Correctional Institution (CCI), was involved in an altercation with a correctional officer. On November 10, 1987, Saenz was charged with offenses arising out of the November 7 altercation and was served with a Notice of Major Disciplinary Hearing Rights regarding those offenses, which advised Saenz that a staff advocate was appointed to represent him at the inmate disciplinary hearing.

On his Request for Attendance of Witnesses, dated November 11, 1987, Saenz requested that Dr. Eugene

---

exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[2]The parties did not frame the issues of this case to include the issue of waiver. However, this court is not bound by the issues as they are framed by the parties. *Bielski v. Schulze,* 16 Wis. 2d 1, 6, 114 N.W.2d 105 (1962). Moreover, the issue of waiver was discussed extensively at oral argument by both parties after the court raised the issue.

Strangman,[3] a CCI employee, appear at his disciplinary hearing. The security director noted on Saenz's request for witnesses, "Advocate will receive statement. The doctor will not be available for testimony."

On November 19, 1987, Saenz's disciplinary hearing was held before the adjustment committee (the committee). The committee consisted of defendants Colleen James and Marv Prieve. Saenz told the committee, "I plead not guilty, my due process is being violated, I never received notice of the hearing." The committee found Saenz guilty and sentenced him to 10 days' cell confinement and 60 days' program segregation. The committee stated, in relevant part, the following reason for its decision: "[I]nmate refused to give committee any information, got up and proceeded out of the hearing room. Therefore committee had to totally rely on statements in conduct report."

On November 21, 1987, Saenz sought review of the committee's decision by filing an Appeal of Adjustment Committee or Hearing Officer's Decision. In said appeal form, Saenz stated the following reason for appealing the committee's finding of guilt:

I was denied the right to have a witness at my hearing without a reason set forth in the record as to why my witness would not be available for testimony which is required by HSS 303.81. Prior to the hearing I was never notify [sic] of the date, time and place of the hearing. 'Notice of Major Disciplinary Hearing Rights.' I inform [sic] the committee I was not prepare [sic].

The committee's finding of guilt was affirmed on December 4, 1987, by defendant James P. Murphy, the superintendent at CCI.

---

[3]The record shows that Dr. Strangman holds a Ph.D.

Saenz commenced a sec. 1983 action against James P. Murphy, Colleen James, and Marv Prieve (the defendants) on January 13, 1988, alleging, *inter alia*,[4] that the defendants violated his constitutional right to call witnesses by failing to either produce Dr. Strangman at the disciplinary hearing or obtain a written statement from the doctor and explain why he could not appear in person. The defendants subsequently filed a motion for summary judgment against Saenz, arguing that the disciplinary hearing afforded Saenz due process because it provided him with a meaningful opportunity to be heard on the charges lodged against him. The defendants further argued that Saenz's right to call witnesses was not violated because, pursuant to Wis. Admin. Code sec. HSS 303.81(5) (April 1985), provision was made to obtain Dr. Strangman's statement when it was determined that he could not attend the hearing.

In opposition to the motion for summary judgment, Saenz relied upon *Wolff v. McDonnell*, 418 U.S. 539 (1974), and Wis. Admin. Code secs. HSS 303.81(2)-(5) and (7) (April 1985).[5] Saenz argued that under *Wolff* he

---

[4]The other allegations contained in the complaint are not relevant to the issue before this court. This opinion only discusses those portions of the proceedings which occurred below that are relevant to the issue before the court.

[5]Chapter HSS 303 was renumbered ch. DOC 303 and revised under sec. 13.93(2m)(b)1, 2, 4 to 7, Stats., Register, April, 1990, No. 412. Throughout this opinion, references to the Wisconsin Administrative Code will be to ch. HSS 303 (April 1985).

Wis. Admin. Code secs. HSS 303.81(2)-(5) and (7) provide as follows:

**HSS 303.81  Due process hearing: witnesses. . . .**
(2)  After all witness requests have been received, the hearing officer shall review them and do any investigation necessary to determine whether the witnesses should be called. The hearing officer may only call witnesses who possess relevant information. If a witness

had a constitutional right to have Dr. Strangman present at his disciplinary hearing as a witness unless the doctor's presence would be unduly hazardous to institu-

refuses to appear, the hearing officer shall determine if the refusal is justified. If the refusal is justified, the hearing officer shall note on the record the reason for the witness' refusal to appear.

(3)  Witnesses requested by the accused who are staff or inmates shall attend the disciplinary hearing unless:

(a)  There is a significant risk of bodily harm to the witness if he or she testifies; or

(b)  The witness is an inmate who does not want to testify; or

(c)  The testimony is irrelevant to the question of guilt or innocence; or

(d)  The testimony is merely cumulative of other evidence and would unduly prolong the hearing; or

(e)  An inmate witness must be transported to a county jail to testify, in which case the advocate may be required to interview the witness and report on the testimony to the committee in lieu of a personal appearance by the witness.

(4)  If an inmate witness will be unavailable due to hospitalization, transfer or release, or if a staff member witness, who may be the officer who reported the rule violation, will be unavailable due to illness, no longer being employed at the location, being on vacation or being on a different shift, but there is no other reason to exclude the witness's testimony under sub. (3), then the hearing officer shall attempt to get a signed statement from the witness to be used at the disciplinary hearing.

(5)  If a witness's testimony would be relevant and useful to the adjustment committee but the witness does not wish to testify, or if testifying would pose a significant risk of bodily harm to the witness, the hearing officer may attempt to get a signed statement to be used at the disciplinary hearing. See HSS 303.86, Evidence, for the circumstances under which the adjustment committee can consider such a statement without revealing the name of the witness.

. . .

(7)  After determining which witnesses will be called for the accused, the hearing officer shall notify the inmate of the decision in writing and schedule a time for a hearing when all of the following people can be present:

. . .

(e)  Accused; and

(f)  Witnesses for accused (if any).

tional safety or correctional goals. Saenz further argued that the Wisconsin Administrative Code sections cited above recognize his constitutional right to call witnesses.

The circuit court considered the defendants' motion for summary judgment on briefs. By order dated October 27, 1988, the circuit court granted summary judgment to all the defendants, dismissing the complaint filed against them. In granting the motion, the circuit court ruled that Saenz was accorded due process of law under *Hewitt v. Helms,* 459 U.S. 460, 476 (1983), because he "was given notice of the charges against him, was given an opportunity to respond, and the evidence was reviewed by a decisionmaker." Accordingly, the circuit court concluded that Saenz did not have a sec. 1983 claim against the defendants.

Saenz appealed from the order of the circuit court dismissing the action. Saenz and the defendants essentially presented the same arguments to the court of appeals that they presented to the circuit court.

The court of appeals held that Saenz's constitutional right to call witnesses under *Wolff* was violated because Dr. Strangman was not present at the hearing, and the defendants did not claim that his presence at the hearing as a witness would have been unduly hazardous to institutional safety or correctional goals. The court of appeals further held that the substitution of a signed statement for the testimony of an unavailable witness satisfies *Wolff*'s requirement that an inmate be allowed to call witnesses at a disciplinary hearing. However, the court of appeals noted the record does not contain a statement from Dr. Strangman in the disciplinary hearing exhibits or any evidence that the hearing officer attempted to obtain a signed statement from Dr. Strangman as required by Wis. Admin. Code sec. HSS 303.81(4). Accordingly, the court of appeals concluded

that Saenz was entitled to judgment on his sec. 1983 claim and remanded the action for a trial on damages only. *Saenz,* 153 Wis. 2d at 681–82.

The defendants petitioned this court for review of the decision of the court of appeals, which we granted.

■■■■■■■

This court applies the standards set forth in sec. 802.08(2), Stats., in the same manner as the circuit court when it reviews the grant of a motion for summary judgment. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). A court employs a standard two-step procedure when evaluating the propriety of a motion for summary judgment. First, it examines the pleadings to determine if a claim for relief has been stated. Second, if a claim for relief has been stated, the court determines if there are any triable issues of material fact which preclude the grant of summary judgment. *Id.* at 314–15. If there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be granted. Section 802.08(2), Stats.

Saenz's complaint does state a claim for relief because it alleges that, despite Saenz's request that Dr. Strangman be called as a witness at his disciplinary hearing, Dr. Strangman was not present at the disciplinary hearing, and a signed, written statement was not provided in lieu of the doctor's personal appearance. Those factual allegations state a claim for relief under sec. 1983 because, if they are proven at trial, they constitute a deprivation of due process under *Wolff,* 418 U.S. at 566–67.[6] However, the record shows that the defendants are entitled to summary judgment as a matter of law

---

[6]Saenz's complaint also contained the required allegation that he had exhausted his administrative remedies. *See Staples v. Young,* 149 Wis. 2d 80, 87 n.9, 438 N.W.2d 567 (1989).

because Saenz waived his right to call Dr. Strangman as a witness.

Generally, an issue is waived if it is not raised before the trier of fact. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980). In the case at bar, the trier of fact at the disciplinary hearing was the adjustment committee. Saenz did not, before the adjustment committee, object to the fact that Dr. Strangman was not present at the hearing nor was his signed, written statement available. At the disciplinary hearing, Saenz only objected to the notice, or alleged lack thereof, he had of the hearing before he walked out of the hearing.[7] The court of appeals dismissed Saenz's claim of inadequate notice, and Saenz did not seek review of that dismissal in this court.

Furthermore, at oral argument before this court Saenz's counsel appeared to concede that Saenz did not know when he walked out of the disciplinary hearing if the adjustment committee possessed a signed, written statement from Dr. Strangman. The record supports this apparent concession; it is undisputed that Saenz walked out of the hearing room after he refused to give the

---

[7]We do not hold or imply that Saenz should have made an offer of proof because the disciplinary process in correctional institutions may not afford inmates with the opportunity to consult with their witnesses prior to their disciplinary hearing. Accordingly, an inmate may not be able to ascertain what is needed to make an offer of proof: the content of his proposed witness's testimony. Moreover, it is unrealistic to expect a prison inmate to understand sophisticated concepts such as offers of proof. A prison inmate such as Saenz need only object in some intelligible manner that the witness he requested is not present at his disciplinary hearing in order to preserve that error for collateral review in a sec. 1983 action.

adjustment committee any information other than his objection based on lack of notice. Accordingly, we conclude that Saenz waived his right to call Dr. Strangman as a witness.

In reaching this conclusion, we recognize that the state has the burden in prisoner disciplinary proceedings to prove that the prisoner committed some legally cognizable wrong and the duty to produce at the prisoner's disciplinary hearing the witnesses requested by the prisoner or their signed, written statements. In the case at bar, this court cannot ascertain from the record whether the state failed to fulfill its duty to produce Dr. Strangman's signed, written statement. However, any error committed by the state was waived by Saenz when he walked out of the disciplinary hearing without objecting to the absence of Dr. Strangman or his signed, written statement.

Contrary to the dissent's assertion, Saenz's waiver is effective even if it did not constitute a voluntary and intelligent waiver. Dissenting op. at 69, 469 N.W.2d at 618. The only authority the dissent cites to support its assertion, *Faust v. Ladysmith-Hawkins School Systems,* 88 Wis. 2d 525, 532–33, 277 N.W.2d 303 (1979), is not applicable to the case at bar for two reasons. First, *Faust* dealt with the statutory rights of teachers when their contracts are not renewed, *id.* at 532, not the due process rights of prisoners, who do not enjoy the "full panoply of rights due a defendant" in criminal proceedings. *Wolff,* 418 U.S. at 556. Second, in response to a motion for reconsideration in *Faust,* we stated that "[o]ur holding is confined to the facts in the case of Kristina L. Faust." *Faust,* 88 Wis. 2d at 537. Therefore, the general rule of waiver of error set forth in *Wirth* applies to the case at bar.

Furthermore, contrary to the dissent's assertion, Saenz's administrative appeal did not cure his waiver for two reasons. First, raising his objection in the appeal of the adjustment committee's decision constitutes raising an issue for the first time on appeal.

Second, Saenz's administrative appeal relied upon issues that are not before this court. In his administrative appeal, Saenz based his due process claim on two points. First, he claimed he was not given adequate notice of the hearing. Second, the hearing officer did not record the reason why Dr. Strangman was not available for the hearing. The court of appeals rejected both points as a basis for Saenz's sec. 1983 claim, and Saenz did not seek review of that part of the court of appeals decision in this court.

In this court, Saenz does not base his claim on the fact that the hearing officer did not record the reason why Dr. Strangman was not available for the disciplinary hearing. Instead, Saenz argues that the failure of Dr. Strangman to appear personally or by a signed, written statement at the disciplinary hearing violates his due process rights as defined by *Wolff* because the defendants do not claim that Dr. Strangman's appearance would be "unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 566.

In other words, Saenz has shifted the basis for his claim from the lack of an explanation for Dr. Strangman's failure to appear at the hearing (Saenz's position in his administrative appeal) to Dr. Strangman's failure to appear itself (Saenz's position in this court). Therefore, Saenz never raised the only basis for his sec. 1983 claim in the prison disciplinary process: Dr. Strangman's failure to appear at the disciplinary hearing given the lack of a constitutionally permissible

reason for his absence. Accordingly, we must conclude that he waived that issue.

It is appropriate to apply the principle of waiver to sec. 1983 claims brought by prison inmates because the principle of waiver is supported by the same reasons which have motivated courts to require inmates to exhaust their administrative remedies before they may commence a sec. 1983 action. *See Staples v. Young,* 149 Wis. 2d 80, 87 n.9, 438 N.W.2d 567 (1989) (*citing McKeever v. Israel,* 476 F. Supp. 1370 (E.D. Wis. 1979)); *Secret v. Brierton,* 584 F.2d 823, 828–29 (7th Cir. 1978). In *Brierton,* the court reasoned that requiring inmates to exhaust prison grievance procedures before they may commence sec. 1983 actions promotes the speedy resolution of disputes and avoids wasteful litigation. *Id.* at 828. For example, the *Brierton* court noted that prison grievance procedures in many cases can provide prisoners with adequate remedies for deprivations of their rights. *Id.* Similarly, requiring parties to raise issues before the trier of fact assists the administration of justice by avoiding wasteful proceedings on appeal and/or remand to resolve matters that could have been resolved in previous proceedings. Meltzer, *State Court Forfeitures of Federal Rights,* 99 Harv. L. Rev. 1130, 1134–35 (1986); *see generally Air Wisconsin, Inc. v. North Central Airlines, Inc.,* 98 Wis. 2d 301, 311, 296 N.W.2d 749 (1980).

If Saenz can be required to exhaust his administrative remedies before bringing a sec. 1983 action, he can be required to object to an alleged violation of his due process rights before the adjustment committee. Such an objection would have allowed the committee to adjourn until it could produce Dr. Strangman or his signed, written statement. Furthermore, if Saenz had made such an objection in his administrative appeal to defendant Mur-

phy, it would have given defendant Murphy an opportunity to remand the matter to the adjustment hearing for further proceedings, including the presentation of Dr. Strangman's testimony or signed, written statement.

■ The record shows that Saenz waived his right to call Dr. Strangman as a witness. Moreover, given the fact that Saenz never objected during the prison disciplinary process to the absence of Dr. Strangman or his statement at the disciplinary hearing, Saenz not only waived his right to call Dr. Strangman, but he also failed to exhaust his administrative remedies. Accordingly, we conclude that the circuit court properly ruled that the defendants were entitled to judgment as a matter of law.

*By the Court.*—The decision of the court of appeals is reversed.

CHIEF JUSTICE NATHAN S. HEFFERNAN did not participate.

JUSTICE WILLIAM A. BABLITCH took no part.

SHIRLEY S. ABRAHAMSON, J. (dissenting). Although neither party raised or briefed the issue of waiver in this sec. 1983 case, the majority opinion *sua sponte* decides the case on this issue. The majority opinion concludes that "the defendants are entitled to summary judgment as a matter of law because Saenz [the plaintiff] waived his right to call Dr. Strangman as a witness." Majority op. at 62-63, 469 N.W.2d at 615. I do not believe the record supports this conclusion. Accordingly, I dissent.

The basis of the plaintiff's sec. 1983 claim is the failure of prison officials to produce a witness the prisoner (the plaintiff in this case) requested, or a written statement from the witness at the disciplinary hearing,

as state law requires. The parties and the majority agree that the state must prove the offense at the disciplinary hearing and "produce . . . the witnesses requested by the prisoner or their signed, written statements." Majority op. at 64, 469 N.W.2d at 615. A reasonable inference from the record is that the state did not produce the witness or the written statement of the witness.[1]

The majority opinion concludes that by walking "out of the disciplinary hearing without objecting to the absence of Dr. Strangman or his signed, written statement," majority op. at 64, 469 N.W.2d at 616, the plaintiff waived "any error committed by the state." *Id.* The plaintiff was obliged, according to the majority opinion,

---

[1] I draw this inference from the only description of the disciplinary hearing in this record, namely the Division of Correction's printed form entitled "Disciplinary Hearing: Reasons for Decision and Evidence Relied On." In the space on the printed disciplinary hearing form marked "The committee relies on the following evidence in finding the inmate guilty," the two defendants on the committee checked the following items: Statement in conduct report; Institutions rules, policies or procedures was in a handbook given to all inmates; and verbal order to get in his cell. The defendants did not check, as they could have, that they had relied on other testimony or confidential witness statements. In other words, had the plaintiff's witness's statement been available and had the committee relied on it, the committee members would have had to check the appropriate box. They did not.

In the space on the disciplinary hearing form marked "Reason for Decision," the defendants completing the form wrote: "Inmate refused to give committee any information, got up and proceeded out of the hearing room. Therefore committee had to totally rely on statements in conduct report. Advocate (Sampson) stated inmate refused to have an advocate."

Moreover, at oral argument both parties assumed that neither the witness nor his written statement had been produced at the disciplinary hearing.

to "object in some intelligible manner that the witness he requested is not present at his hearing in order to preserve that error for collateral review in a sec. 1983 action." Majority op. at 63, n.7., 469 N.W.2d at 615, n.7.

A waiver is a voluntary and intentional relinquishment of a known right. When a law confers a right or benefit, the person for whose protection or benefit the law was enacted may waive the benefit but "that waiver must be clear and unambiguous." *Faust v. Ladysmith-Hawkins School Systems,* 88 Wis. 2d 525, 532–33, 277 N.W.2d 303 (1979).

Intent to waive is a question of fact ordinarily determined by the fact-finder. Intent to waive may be inferred by an appellate court as a matter of law when the facts are undisputed and only one reasonable inference can be drawn from the undisputed facts. Under these standards it is apparent that the sparse record in this case is insufficient to support the majority's conclusion that as a matter of law the plaintiff intentionally, voluntarily, clearly and unambiguously relinquished a known right.

Waiver may be expressed by word or conduct. The record does not contain the plaintiff's written or oral statement waiving the witness's presence or statement. Indeed the record shows that on several occasions the plaintiff expressly demanded his right to have the witness.

The plaintiff requested the witness in writing. The plaintiff did not complete or sign the form by which he could waive the formal due process hearing or his right to request witnesses.[2]

---

[2]The section on the form contains four numbered statements with a box at the left of each for the inmate to acknowledge the statement. The statements are as follows:

1. I READ OR HAD READ TO ME THE NOTICE OF MAJOR (Formal Due Process) DISCIPLINARY HEARING RIGHTS;

The disciplinary committee's own written record of the disciplinary hearing supports the conclusion that the plaintiff asserted his due process rights at the hearing. Indeed the plaintiff's leaving the hearing appears to have been a protest against the violation of his rights, not a waiver of his rights.

The only description of the hearing and the plaintiff's departure from the hearing is contained on the Division of Correction's printed form entitled "Disciplinary Hearing: Reasons for Decision and Evidence Relied On." The two defendants serving on the disciplinary committee completed the form. There is no transcript of the disciplinary hearing; nothing in the record describes the events of the disciplinary hearing other than the committee's own record. The affidavit of one of the committee members states merely that the plaintiff "refused to participate in the disciplinary hearing and walked out of the hearing."

In the space reserved on the Disciplinary Hearing Form for the inmate's [plaintiff's] statement, one of the defendants, not the plaintiff, wrote the following: "I plead not guilty, My due process is being violated, I never received notice of the hearing." In any event a reasonable interpretation of the defendant's own record

---

2.  I UNDERSTAND WHAT MY RIGHTS ARE;

3.  I UNDERSTAND THAT WHEN I WAIVE MY RIGHTS, I WAIVE THE RIGHT TO:

> A STAFF ADVOCATE;
> TO REQUEST WITNESSES;
> OTHER POSSIBLE RIGHTS IN A FORMAL DUE PROCESS HEARING;

4. I WAIVE MY RIGHT TO A FORMAL DUE PROCESS HEARING;

> (a)  I ADMIT I AM GUILTY;
> (b)  I DO NOT ADMIT I AM GUILTY.

is that the plaintiff was demanding his procedural rights at the disciplinary hearing, not waiving them.

Two days after the disciplinary committee hearing and decision, the plaintiff filed an appeal stating that one reason for appealing the committee's finding of guilt was that his witness was not produced. The plaintiff wrote: "I was denied the right to have a witness at my hearing, without a reason set forth in the record as to why my witness would not be available for testimony which is required by HSS 303.81." This statement demonstrates that the plaintiff did not intend his leaving the hearing to constitute a waiver of his rights.

I conclude that the record shows that the plaintiff repeatedly stated orally and in writing that he wanted his rights under the law, including his right to the witness.

The majority opinion infers waiver from the plaintiff's leaving the disciplinary hearing. The plaintiff has not been given an opportunity to tell what happened at the hearing or to explain what he intended by his conduct. Nothing in the record indicates that the plaintiff knew that by leaving the hearing he was waiving rights of any kind, much less the right to have witnesses testify at the hearing when the state had the burden by law to produce either the witness or a written statement from the witness. The majority opinion's inference that the plaintiff intended to waive his rights by leaving the hearing conflicts with the plaintiff's written and oral statements demanding his rights.

If the majority believes that the dispositive issue in this sec. 1983 case is the plaintiff's waiver of his rights, I conclude that this case must be remanded to the circuit court for a hearing and a factual determination of whether the plaintiff voluntarily, intentionally and knowingly waived his rights. Competing reasonable

inferences from the limited record of the disciplinary hearing preclude summary judgment on the basis that the plaintiff waived his due process rights at the hearing.

For the reasons set forth, I dissent.