Greggory N. BROWNELLI, Plaintiff-Appellant,

v.

Gary R. McCAUGHTRY, Sgt. Thome, and Sid Smith,
Defendants-Respondents.

Court of Appeals

*No. 92–2321. Submitted on briefs May 6, 1993.—Decided
February 10, 1994.*

(Also reported in 514 N.W.2d 48.)

367

For the plaintiff-appellant the cause was submitted on the briefs of *Greggory N. Brownelli, pro se,* of Waupun.

For the defendants-respondents the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Daniel S. Farwell,* assistant attorney general.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J.   Brownelli is an inmate at the Waupun Correctional Institution. The Defendants are employees at the prison. McCaughtry is the Warden, Defendant Thome is a cell hall sergeant and Defendant Smith is a nurse in the Health Services Unit. Brownelli brought this action asserting that the prison failed to

render him prompt and adequate medical care. The trial court granted the Defendants' motion for summary judgment and dismissed his complaint. On appeal, Brownelli contends that the trial court erred in construing his complaint as a claim pursuant to 42 U.S.C. § 1983 rather than an action for negligence under state law. He further argues that the Defendants were not entitled to summary judgment because genuine issues of material fact exist with respect to his negligence claim.

We conclude that Brownelli's *pro se* complaint states a claim for negligence under state tort law. However, we hold that Brownelli's affidavits fail to present sufficient facts concerning his alleged injuries to preclude summary judgment on this claim. Therefore, we affirm.[1]

## BACKGROUND

Brownelli's complaint alleges that on the evening of September 3, 1991, he experienced stomach cramps, vomited and lost a large amount of blood from his bowels. Through another inmate, he notified Thome of his medical problems. Thome failed to personally investigate the situation before informing Smith, the nurse on duty in Waupun's Health Services Unit (HSU), that Brownelli claimed to be ill and that Thome did not believe the matter was serious. Thome eventually passed by Brownelli's cell and told him to send a "health-o-gram" to HSU. Medical personnel subsequently examined Brownelli and determined that he had been hemorrhaging internally.

---

[1] Because Brownelli has firmly opposed either the trial court or this court construing his complaint as an action under § 1983, we do not consider whether summary judgment would be an appropriate disposition of a potential § 1983 claim.

In their answer, the Defendants alleged that prior to instructing Brownelli to submit a health-o-gram, Thorne had observed Brownelli standing against the wall of his cell, smoking a cigarette and talking to another inmate. The Defendants also alleged that Brownelli was examined the next day and diagnosed with hemorrhoids.

The Defendants moved for summary judgment. The trial court held that, liberally construed, the complaint stated a claim under § 1983 for denial of Brownelli's Eighth Amendment right to be free from cruel and unusual punishment. However, after reviewing the parties' affidavits, the trial court concluded that there was no genuine issue of fact as to whether the Defendants had exhibited "deliberate indifference" to a "serious illness or injury" sustained by Brownelli. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). The trial court granted the Defendants' motion and dismissed the complaint. This appeal resulted.

## SUMMARY JUDGMENT

Our review of the trial court's decision to grant summary judgment is *de novo. Stann v. Waukesha County*, 161 Wis. 2d 808, 814, 468 N.W.2d 775, 778 (Ct. App. 1991). We follow the same methodology as the trial court. *Universal Die & Stampings, Inc. v. Justus*, 174 Wis. 2d 556, 560, 497 N.W.2d 797, 799 (Ct. App. 1993). We first examine the complaint to determine if it states a claim, and then the answer to ascertain whether it presents a material issue of fact. *Id*. If they do, we then look to the moving party's affidavits to determine if a *prima facie* case for summary judgment has been established. *Id*. If it has, we then examine the opposing party's affidavits to determine whether there

are any material facts in dispute which would entitle the opposing party to a trial. *Id.*

## APPLICATION OF METHODOLOGY

The Defendants argue that none of the statutes cited by Brownelli in his complaint allow recovery against prison employees for negligence in the performance of their duties. They further contend that "[h]ad the trial court confined its examination of plaintiff's pleading to state tort claims alone, the complaint could have been summarily dismissed." We agree that none of the statutes cited afford any basis for relief. However, that finding does not terminate our analysis for "we must follow a liberal policy in judging the sufficiency of *pro se* complaints filed by unlettered and indigent prisoners." *State ex rel. Terry v. Traeger*, 60 Wis. 2d 490, 496, 211 N.W.2d 4, 8 (1973) (emphasis added).

No reported cases in Wisconsin have held prison employees liable in negligence under state law for failure to provide prompt or adequate medical assistance to inmates. However, other jurisdictions have imposed such liability, recognizing the duty of jailers to " 'exercise ordinary and reasonable care for the preservation of their prisoner[s'] health and life under the circumstances of the particular case.' " *See Countryman v. County of Winnebago*, 481 N.E.2d 1255, 1261 (Ill. App. Ct. 1985) (quoting *Delasky v. Village of Hinsdale*, 441 N.E.2d 367, 370 (Ill. App. Ct. 1982)); *Farmer v. State*, 79 So. 2d 528, 531 (Miss. 1955); *see also* M. L. Schellenger, Annotation, *Civil Liability of Sheriff or Other Officer Charged with Keeping Jail or Prison for Death or Injury of Prisoner*, 14 A.L.R.2d 353, 367-68 (1950), and cases contained therein.

In *Farmer*, the jury rendered a verdict against a sheriff and a jailer for the wrongful death of a prisoner caused by complications from stomach ulcers. Despite repeated requests for medical attention over a five-month period, neither the sheriff nor the jailer ever examined the prisoner or called for a doctor. In affirming the judgment, the Supreme Court of Mississippi relied on the following passage from *State of Indiana ex rel. Tyler v. Gobin*, 94 F. 48, 50 (C.C.D. Ind. 1899):

> If the law imposes a duty of care in respect of animals and goods which [the sheriff] has taken into his possession by virtue of his office, why should not the law impose the duty of care upon him in respect of human beings who are in his custody by virtue of his office? Is a helpless prisoner in the custody of a sheriff less entitled to his care than a bale of goods or a dumb beast? The law is not subject to any such reproach. When a sheriff, by virtue of his office, has arrested and imprisoned a human being, he is bound to exercise ordinary and reasonable care, under the circumstances of each particular case, for the preservation of his life and health.

*Farmer*, 79 So. 2d at 531.

The RESTATEMENT (SECOND) OF TORTS § 314A (1965) imposes a similar duty on "[o]ne who is required by law to take . . . the custody of another under circumstances such as to deprive the other of his [or her] normal opportunities for protection." Under § 314A(1), the duty is twofold. First, the custodian must take reasonable action to protect the other person "against unreasonable risk of physical harm." Second, the custodian must take reasonable action to give first aid to the other when the custodian has reason to know that the

374

other is ill or injured, and to care for the other until he or she can be cared for by other persons.[2]

Based upon considerations of public policy as well as the persuasive authorities noted above, we hold that, in Wisconsin, an inmate has a claim against a prison employee who negligently fails to obtain medical attention for the inmate and that failure causes the inmate to sustain a serious illness or injury. Further, we conclude that Brownelli's complaint sets forth a claim for negligence because it alleges both an unreasonable delay in obtaining medical assistance and a serious injury, internal hemorrhaging, which could have been avoided.

We now turn to the Defendants' answer to determine if it presents material issues of fact. It does. The Defendants allege that Thome observed Brownelli standing against the wall of his cell, smoking a cigarette and talking with his cellmate. Under the RESTATEMENT (SECOND) OF TORTS § 314A cmts. e and f (1965), a prison employee needs only to exercise reasonable care. Thus, the employee is not required to take any action until he or she knows that the inmate needs medical attention.[3] Brownelli's alleged

[2] For cases following the RESTATEMENT (SECOND) OF TORTS § 314A (1965), see *Delasky v. Village of Hinsdale*, 441 N.E.2d 367 (Ill. App. Ct. 1982); *Heumphreus v. State*, 334 N.W.2d 757 (Iowa 1983); *Lang v. City of Des Moines*, 294 N.W.2d 557 (Iowa 1980); *Thornton v. City of Flint*, 197 N.W.2d 485 (Mich. Ct. App. 1972); *Shea v. City of Spokane*, 562 P.2d 264 (Wash. Ct. App. 1977), *aff'd*, 578 P.2d 42 (Wash. 1978).

[3] The RESTATEMENT (SECOND) OF TORTS § 314A cmt. e (1965) further states that the prison employee would not be "required to take any action where the risk [of physical harm] does not

375

demeanor would not indicate to a reasonable person that he needed immediate medical attention. We now inspect the Defendants' affidavits to determine whether they establish a *prima facie* case for summary judgment.[4]

In his affidavit, Thome avers that because of his prior dealings with Brownelli regarding his alleged medical problems, Thome wanted to be sure that Brownelli was ill before calling a nurse to examine him. Thome states that he went to a tier of cells above Brownelli's cell and saw him standing up, smoking a cigarette. He then called Smith and afterward, instructed Brownelli to submit a health-o-gram to HSU.

Cindy Hilt, a nurse and the HSU manager, attached a portion of Brownelli's medical file to her affidavit. She avers that Brownelli was examined by Nurse Janssen on September 4, 1991. She further avers that Janssen wrote the following in Brownelli's progress notes: (1) contrary to Brownelli's assertion that he was very weak due to losing a lot of blood, Brownelli was not weak, and his mucous membranes and eyelids appeared normal and a healthy pink color; (2) Brownelli's rectum appeared normal, and the sphincter was strong and intact; (3) the cause of the rectal bleeding was either straining or hemorrhoids, and she prescribed a laxative which Brownelli left at

---

appear to be an unreasonable one, as where a passenger appears to be merely carsick, and likely to recover shortly without aid."

[4] The Defendants have not argued on appeal that recovery on a state tort claim would be barred by the doctrine of public employee immunity. Therefore, we do not address the issue. *See State v. S.H.*, 159 Wis. 2d 730, 738, 465 N.W.2d 238, 241 (Ct. App. 1990) (issues not briefed are deemed abandoned).

the guard's desk at HSU; (4) she had confronted Brownelli with "the discrepancy between what he wrote [and] what was true"; and (5) Brownelli admitted that he had lied about being weak.

Hilt also states that Nurse Winscher examined Brownelli on September 12, 1991, and that he had stated that his rectal bleeding had stopped except for one or two occasions. Winscher diagnosed the cause of the bleeding as straining and also prescribed a laxative for Brownelli.

The Defendants' affidavits make a *prima facie* case for summary judgment. Under the RESTATEMENT (SECOND) OF TORTS § 314A cmts. e and f (1965), the prison employee's duty is to exercise reasonable care under the circumstances. The employee is not required to take any action when he or she has no reason to know that the inmate is ill or injured, or if the inmate is likely to recover shortly without aid. Thus, Thome's averment that he observed Brownelli standing up and smoking establishes a defense that would defeat Brownelli's claim—that Thome was not required to summon medical assistance because he had no reason to know that Brownelli was ill, or that Brownelli would not recover quickly without aid. Further, the averments as to the examinations performed by Janssen and Winscher also negate Brownelli's claim because they show that Brownelli did not suffer any serious illness or injury.

Next we examine the affidavits of Brownelli and his cellmate, Vances Smith, to ascertain whether there are any material facts in dispute which would entitle Brownelli to a trial.[5] Smith avers that he never saw

[5] We do not consider the affidavits of Ricardo Jimenez or James Mayes which were filed after the trial court entered its

Thome look into their cell from the upper tier, and that he did not recall Brownelli smoking a cigarette on the night of September 3, 1991.

Brownelli also avers that he did not smoke any cigarettes between 7:00 and 9:00 p.m. on September 3, 1991. In addition, Brownelli states that he continued to bleed that night, and that the sight of his own blood caused him to become very weak and to suffer stomach cramps. This averment directly contradicts another paragraph in the affidavit in which he admits that he exaggerated his symptoms of weakness in his health-o-gram to "insure he'd be seen in time to prevent any further injury." Finally, Brownelli's affidavit includes a conclusory allegation that he "unnecessarily suffered [s]tomach cramps and [e]xtreme anxiety" due to Defendants' "failure to personally come and observe what the [m]edical situation was."

We conclude that Brownelli's affidavits do not show that a genuine issue of material fact exists regarding the seriousness of his medical condition. As we stated above, to prevail in a claim against a prison employee for failure to obtain medical attention, an inmate must show that such failure resulted in a serious illness or injury.

It is uncontroverted that Brownelli's medical condition or illness was either hemorrhoids or constipation. In either case, Brownelli presents no evi-

order, and well beyond Brownelli's deadline for filing his brief. Moreover, the Jimenez affidavit was neither sworn to nor signed. Nor do we consider the factual allegations in Brownelli's brief in opposition to the motion for summary judgment because the brief is not supported by affidavit. *See Staples v. Young,* 142 Wis. 2d 194, 205, 418 N.W.2d 329, 333 (Ct. App. 1987), *rev'd on other grounds,* 149 Wis. 2d 80, 438 N.W.2d 567 (1989).

dence that such condition became acute as a result of his examination being delayed. In fact, Brownelli's affidavit concurs with Hilt's averment that the symptom of rectal bleeding had subsided considerably between the two examinations without the benefit of the laxative originally prescribed by Nurse Janssen.

Brownelli's alleged anxiety is not a serious illness or injury for which we believe prison employees should be held liable in negligence. Were we to hold otherwise, trial courts would be burdened with numerous claims without merit. Moreover, to avoid a flood of such claims, prison officials could be forced to take measures inconsistent with the efficient administration of correctional institutions.

■■■

Because the Defendants have met their burden of presenting a *prima facie* case for summary judgment while Brownelli has failed to demonstrate the existence of a genuine issue of material fact, we affirm the trial court's dismissal of the complaint by summary judgment.

*By the Court.*—Order affirmed.