Jon Lancaster, Inc., Plaintiff,
v.
Floor Care Associates, Inc., and FACE Group, Inc., Defendants,
John C. Manning, Defendant-Third-Party Plaintiff-Appellant,
Donald J. Murn and Murn & Martin, S.C., Appellants,
v.
Michael Hasslinger, Marie R. Netzow, Donald F. Neubert, Paul Brunner, and Kenneth P. Klitzke, Third-Party Defendants-Respondents.
No. 03-0256.
Court of Appeals of Wisconsin.
Opinion Filed: February 5, 2004.
Before Deininger, P.J., Vergeront and Lundsten, JJ.
¶ 1. PER CURIAM.
John Manning appeals an order denying reconsideration of the dismissal of his third-party complaint and amended third-party complaint against Michael Hasslinger, Marie Netzow, Donald Neubert, Paul Brunner, and Kenneth Klitzke (collectively, the FACE Group shareholders). Donald Murn and Murn and Martin, S.C., appeal a related order sanctioning them for filing the third-party complaint and amended third-party complaint on Manning's behalf.[1] We affirm both orders for the reasons discussed below.

BACKGROUND
¶ 2. Floor Care Associates contracted with John Lancaster, Inc., to apply a coating on some of Lancaster's floors. At the time the contract was executed, John Manning was the sole shareholder of Floor Care. Floor Care subsequently sold its assets to FACE Group. The sales agreement provided that Floor Care would indemnify and hold FACE Group harmless for claims arising out of Floor Care's prior acts or omissions. The sale was financed in part by a promissory note to Manning which was jointly and severally guaranteed by the individual shareholders of FACE Group.
¶ 3. Lancaster was dissatisfied with the floor coating. FACE Group spent over $5,000 making repairs, attempting to resolve Lancaster's concerns. FACE Group then asked Manning to reimburse it for the Lancaster call-back work, as well as for its expenditures on several other warranty claims, pursuant to the indemnification clause in the sales agreement. Following mediation, FACE Group, Floor Care, John and Carol Manning, Neubert, Netzow, Hasslinger, Brunner, and another FACE shareholder, Richard Kuehn, entered into a mutual release and settlement agreement, wherein the parties agreed to release one another from all claims "arising out of the controversy," (defined in the agreement as the "dispute between the parties concerning certain warranty and indemnification claims in connection with the sale of assets") and to have FACE reduce its payments to Manning on the promissory note for a period of five months.
¶ 4. Lancaster's dissatisfaction with the floor coating continued, and it eventually filed suit against Manning, Floor Care, and FACE Group. Manning then filed a third-party complaint against the individual shareholders of FACE Group, claiming that they were required to indemnify him pursuant to their guaranty of the promissory note.
¶ 5. The individual FACE Group shareholders moved for summary judgment, contending that their guaranty of payment on the promissory note was wholly unrelated to Lancaster's claims. Manning attached to his summary judgment response an amended third-party complaint, which added allegations that the purchaser had induced him to sign the mutual release and settlement agreement and thereby incur damages in the form of reduced payments on his promissory note. The purchaser had induced him, the complaint alleged, by falsely representing during the mediation process that all outstanding matters with Lancaster had been settled and the proposed agreement would release Manning from any further liability in the Lancaster matter.
¶ 6. The trial court granted summary judgment in the individual shareholders' favor. It further determined the third-party complaint and amended third-party complaint to be frivolous and awarded the individual shareholders costs and attorney fees.

STANDARD OF REVIEW
¶ 7. This court reviews summary judgment decisions de novo, applying the same method employed by the circuit court. Brownelli v. McCaughtry, 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). That method is well-established and need not be repeated here. See, e.g., id. at 372-73.
¶ 8. A determination that a claim was frivolous presents a mixed question of fact and law. Stern v. Thompson & Coates, Ltd., 185 Wis. 2d 220, 236, 517 N.W.2d 658 (1994). We will review the trial court's factual findings regarding what occurred under the clearly erroneous standard, but will independently consider whether those facts fulfill the legal standard. Id.

DISCUSSION
¶ 9. Manning does not challenge the dismissal of his indemnification claim against the individual shareholders on appeal. He maintains, however, that his amended third-party complaint stated a viable misrepresentation claim, and that neither the misrepresentation claim nor the indemnification claim was frivolous. We disagree.
¶ 10. A claim for intentional misrepresentation requires that a defendant made a representation of fact that he knew was false, that the defendant made with the intent to deceive and induce the plaintiff to act on it to the plaintiff's pecuniary damage, and that the plaintiff believed and relied upon to his detriment. Digicorp, Inc. v. Ameritech Corp., 2003 WI 54, ¶52 n.10, 262 Wis. 2d 32, 662 N.W.2d 652. The amended third-party complaint at issue here was insufficient to show even the first element for a misrepresentation claim because it did not attribute any allegedly false statements to any of the individually named third-party defendants. Rather, it claimed false statements had been made by the "purchaser," i.e., FACE Group, which was not named as a third-party defendant. Manning attempts to argue that the individual shareholders were nonetheless "involved in the misrepresentation" because they participated in the mediation and personally signed the mutual release and settlement agreement. It was not, however, the individual shareholders' signing of the agreement or specific actions any of them took during the mediation that Manning claimed induced him to sign the agreement, but rather the allegedly false statements. In sum, we are persuaded that any misrepresentation claim against the individual shareholders lacked a factual basis and that any reasonable attorney should have known that.
¶ 11. We are also persuaded that any reasonable attorney should have known there was no legal basis for an indemnification claim against the individual shareholders of FACE Group based on their guaranty of the promissory note to Manning. As the trial court aptly explained, it was "self-evident" that: (1) any obligations the shareholders undertook in the guaranty were from FACE Group to Manning, not from Manning to a third party such as Lancaster; (2) any liability arising out of Lancaster's suit would not arise out of credit extended to FACE Group by Manning; and (3) the interpretation urged by Manning would completely contradict the clause in the sale agreement where Manning indemnified FACE Group for claims arising from work done before the sale.
¶ 12. Accordingly, we conclude the trial court properly granted summary judgment and awarded attorney fees. In addition, because we are affirming a challenge to a determination of frivolousness, we also award the respondents costs and attorney fees for this appeal. Riley v. Isaacson, 156 Wis. 2d 249, 262, 456 N.W.2d 619 (Ct. App. 1990). We remand to the trial court for a determination of the proper amount of the award.
¶ 13. In light of our decision, we do not address the parties' additional arguments regarding the timeliness of the amended third-party complaint.
By the Court.  Orders affirmed and cause remanded with directions.
NOTES
[1] Some of the respondents question whether this court has jurisdiction to consider the determination of frivolousness because the amount of attorney fees was not determined until a subsequent order. We are satisfied, however, that the order appealed from properly brings before us the initial determination that attorney fees would be awarded. Because the respondents are prevailing on the merits, we do not discuss the jurisdictional issue in detail.