Carrie M. Fitzgerald, Plaintiff-Appellant,
v.
Peter P. Karoblis and Lorraine J. Petersen, D/B/A Karoblis and Petersen, Defendants-Respondents.
No. 04-0308.
Court of Appeals of Wisconsin.
Opinion Filed: March 17, 2005.
Before Vergeront, Lundsten and Higginbotham, JJ.
¶1 PER CURIAM.
Carrie Fitzgerald appeals an order dismissing her employment discrimination claim against Peter Karoblis and Lorraine Petersen, and declaring her lawsuit frivolous. The trial court dismissed the claim on summary judgment. The issues are whether material fact disputes exist that would bar summary judgment. We conclude that the trial court properly granted summary judgment to Karoblis and Petersen, and therefore affirm.
¶2 Fitzgerald worked as a legal assistant in the Karoblis and Petersen law office between April 16, 2001, and her termination on November 15, 2001. Her complaint in this case alleged that her termination violated federal and state employment discrimination laws, including the prohibition in WIS. STAT. § 111.321 (2003-04)[1] against discriminating against a person on the basis of an arrest record. There was evidence that an incident occurred on October 10, 2001, that would qualify as an "arrest" under § 111.321, potentially allowing the inference that she was fired as a result of that incident. However, Karoblis and Petersen submitted proof that they placed a newspaper ad for Fitzgerald's replacement on October 8, 2001, and that the ad appeared on October 9, 2001. They also denied any knowledge of an arrest record for Fitzgerald before that date.
¶3 The trial court concluded that undisputed evidence established that: (1) Karoblis and Petersen made the termination decision no later than October 8, 2001; (2) there was no evidence of an arrest record for Fitzgerald prior to that date; (3) even if there were, there was no evidence that Karoblis and Petersen would have known about it; (4) all of Fitzgerald's other discrimination theories were unsupported by fact or law; and (5) after Karoblis and Petersen presented their evidence of the October 9, 2001 newspaper ad, Fitzgerald knew or should have known that she could not prevail on her claim. Accordingly, the trial court granted summary judgment. The court also declared that Fitzgerald's action was frivolously maintained after the time Karoblis and Petersen proved they made their termination decision on or before October 8, 2001.
¶4 On appeal, Fitzgerald argues that the trial court erred by concluding that placing the October 9 employment ad was equivalent to a decision to fire her. Fitzgerald also argues that facts of record show that she had an arrest record before October 8, 2001, and that Karoblis and Petersen knew about it.
¶5 We review summary judgments de novo, applying the same standards as the trial court. Brownelli v. McCaughtry, 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). If the pleadings create fact disputes, as they do here, we examine whether the moving party has submitted affidavits or other evidence establishing a prima facie case for summary judgment. Id. If it has, we review the opposing party's affidavits and submissions to determine whether they place any material facts in dispute that would entitle the opposing party to a trial. Id. at 372-73. We draw all reasonable inferences in favor of the party opposing summary judgment. Williamson v. Steco Sales, Inc., 191 Wis. 2d 608, 624, 530 N.W.2d 412 (Ct. App. 1995).
¶6 We first address the evidence showing when Karoblis and Petersen decided to fire Fitzgerald. Placement of the October 8 employment ad permits only one reasonable inference: that Karoblis and Petersen decided by at least October 8 to terminate Fitzgerald. Karoblis and Petersen employed only one legal assistant. We cannot reasonably infer that Karoblis and Petersen would advertise for Fitzgerald's replacement unless they had already decided to terminate Fitzgerald before that date.
¶7 Karoblis and Petersen also presented evidence that they knew of no arrest record for Fitzgerald before October 8. The burden therefore shifted to Fitzgerald to show that she had an arrest record before that date, and that Karoblis and Petersen knew of it. She failed to meet that burden.
¶8 Prior to October 8, Fitzgerald was the subject of allegations by her husband's former wife, Victoria Fitzgerald, of illegal and harassing conduct, such that Victoria obtained a harassment injunction against Fitzgerald and her husband in August 2000. It was also undisputed that Karoblis and Petersen knew of the injunction, and therefore the allegations, because Karoblis represented Fitzgerald's husband during his divorce from Victoria. WISCONSIN STAT. § 111.32(1) defines "arrest record" to include "information indicating that an individual has been questioned, apprehended, taken into custody or detention, held for investigation, arrested, charged with, indicted or tried for any [crime]." Although expansive, that definition does not include knowledge of alleged improper or illegal acts not the subject of police attention, even if those acts result in a civil court action. Therefore, even if Karoblis was aware that Fitzgerald's husband's former wife alleged that Fitzgerald engaged in illegal and harassing conduct, and even if this knowledge prompted the decision to terminate Fitzgerald, there is no proof of a violation of the employment discrimination statute because knowledge of illegal behavior is not the same as knowledge of an "arrest" within the meaning of § 111.32(1).
¶9 Fitzgerald asserts that the circuit court erred when it ruled that her action became frivolous after Karoblis and Petersen proved they made their termination decision on or before October 8, 2001. Fitzgerald fails to develop this argument. In any event, our review of this record leads us to agree with and affirm the circuit court's frivolousness determination.
¶10 Fitzgerald advances other arguments in conclusory terms and without adequate citation to the record or to the applicable law. We decline to address these inadequately briefed issues and deem them waived. See Roehl v. American Family Mut. Ins. Co., 222 Wis. 2d 136, 149, 585 N.W.2d 893 (Ct. App. 1998).
¶11 We observe that the record discloses no award of costs and fees after the trial court declared the action frivolous. We assume that the matter remains pending, and that the trial court may determine the award on remittitur if Karoblis and Petersen choose to pursue their claim.
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.