**COURT OF APPEALS
DECISION
DATED AND FILED**

**January 13, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2019AP281**

**STATE OF WISCONSIN**

Cir. Ct. No.  2017CV954

**IN COURT OF APPEALS
DISTRICT II**

CAMPBELL WOODS HOMEOWNERS' ASSOCIATION, INC. AND KR LEGAL DEFENSE FUND, U.A.,

   PLAINTIFFS-APPELLANTS,

 V.

VILLAGE OF MT. PLEASANT AND SENIOR CAMPUS AT CAMPBELL WOODS, LLC,

   DEFENDANTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Racine County: MICHAEL J. PIONTEK, Judge. *Affirmed*.

        Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  In this dispute arising from rezoning and the issuance of a conditional use permit, KR Legal Defense Fund, U.A. and the Campbell Woods Homeowners' Association, Inc. (the homeowners) appeal from a circuit court order granting summary judgment to the Village of Mt. Pleasant and Senior Campus at Campbell Woods, LLC and dismissing the appellants' claims. We affirm the circuit court.

¶2      Senior Campus at Campbell Woods LLC (the developer) petitioned the Village to rezone approximately eight acres of a twenty-acre parcel (the property) for construction of a senior assisted living facility (the project).  At the time the petition was filed, the property was zoned R-100 and permitted single-family homes.  Mt. Pleasant, Wisconsin, Code of Ordinances §§ 90-371(a) and (b)(1) (2017).[1]  "[N]ursing and rest homes for the aged" are among the permitted conditional uses within the R-100 zoning district.  *Id.*, § 90-371(d)(6).  After the Village's plan commission tabled the petition, the developer modified the project to address the concerns raised by the plan commission and the homeowners in the proposed project's vicinity.  The modifications included the addition of a 101-foot buffer around the area to be rezoned.  Thereafter the Village's zoning staff recommended approving the developer's petition because the project was similar to other assisted living facilities in the Village and was consistent with the Village's 2035 Comprehensive Land Use Plan.

---

[1] The parties do not provide a date for the compilation of the Mt. Pleasant, Wisconsin ordinances to which they refer in their appellate briefs.  We assume the ordinances were extant in March 2017 when this action was filed in the circuit court.  The parties do not dispute each other's citations of the ordinances.  Where a brief does not provide us with either a copy of the cited ordinance or with a citation to that portion of the record where the ordinance can be found, we rely upon the party's citation to the ordinance.

¶3   At a December 2016 plan commission meeting, the homeowners objected to the project. The plan commission denied the rezoning petition and the conditional use permit and sent the petition to the Village board (the board). The board had the authority to "approve, modify and approve or disapprove" the petition. Mt. Pleasant, Wisconsin, Code of Ordinances, § 90-76(a).

¶4   At a January 2017 meeting, the board considered the developer's petition. The Village's attorney opined that the rezoning request did not constitute illegal spot zoning and as a result of the addition of the 101-foot buffer zone, the homeowners' protest petition[2] did not trigger a requirement that a supermajority of the board approve the rezoning request. The Village's zoning staff urged the board to approve the petition and issue a conditional use permit because the developer had addressed the neighbors' concerns and the project was consistent with the Village's comprehensive land use plan. In a four to three vote, the board approved the petition, the conditional use permit and the project's site plan. The Village rezoned the property via ordinance (the ordinance).

¶5   Following the board's action, the homeowners sought a circuit court declaration that the ordinance constituted illegal spot zoning. On summary judgment, the circuit court concluded that the material facts were undisputed, the

_____

[2] The homeowners argue that the submission of their protest petition required approval of the developer's rezoning petition by a supermajority of the Village board. The record shows that the homeowners' protest petition was filed on or about December 19, 2016, after the developer revised the site plan to add a 101-foot buffer zone and submitted the revised plan to the Village on November 22, 2016. A buffer zone can defeat protestors' rights to force approval of rezoning by a supermajority. *Rodgers v. Village of Menomonee Falls*, 55 Wis. 2d 563, 569-70, 201 N.W.2d 29 (1972); Mt. Pleasant, Wisconsin, Code of Ordinances § 90-77 (2017) (100-foot buffer zone discussed). Because the protestors were not within 100 feet of the project at the time they submitted their protest petition, the supermajority approval requirement did not apply. We address this issue no further.

board's decision to rezone was not illegal spot zoning or subject to a supermajority approval requirement, the rezoning decision had a reasonable and rational basis, and the plan commission's rejection of the project was advisory and not binding on the board, which had the authority to "approve, modify and approve or disapprove." Finally, the circuit court concluded that it was improper to inquire into an individual board member's decision to approve the project at the board level when he voted against the project at the plan commission level. The homeowners appeal from the summary judgment order dismissing their claims.

¶6 We review the circuit court's grant of summary judgment de novo, and we apply the same methodology employed by the circuit court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). "We independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law." *Streff v. Town of Delafield*, 190 Wis. 2d 348, 353, 526 N.W.2d 822 (Ct. App. 1994).

¶7 On appeal, the homeowners argue that the circuit court should not have decided the case on summary judgment, and that the Village could not rezone without establishing that the rezoning, which benefitted a single property owner's development, was in the public interest. The homeowners also argue that the board's approval was contrary to law and void because Trustee Feest's approval was based on his erroneous understanding of the Village's zoning ordinances.[3]

---

[3] The homeowners acknowledge that the circuit court did not address this issue, which they raised in the circuit court and again on appeal.

4

¶8      We reject the homeowners' contention that spot zoning disputes are not amenable to disposition on summary judgment.    If the moving party demonstrates that there are no genuine issues of material fact, there is no barrier to disposing of a spot zoning case on summary judgment.  *Step Now Citizens Grp. v. Town of Utica Plan. & Zoning Comm.*, 2003 WI App 109, ¶24, 264 Wis. 2d 662, 663 N.W.2d 833 (spot zoning case decided on summary judgment).  We turn to the summary judgment record to determine whether the circuit court properly granted summary judgment in this case.

¶9      We first set out the guiding legal principles.  We review the board's decision to rezone the property.  *See id.*, ¶26.  "Zoning is a matter of legislative discretion."  *Id.* (citation omitted).  Courts interfere in zoning decisions only if the municipality has misused its discretion or acted in excess of its zoning powers.  *Id.*, ¶32.  If there is any reasonable basis for the rezoning decision, it will be upheld.  *Schmeling v. Phelps*, 212 Wis. 2d 898, 917, 569 N.W.2d 784 (Ct. App. 1997).

¶10      With regard to the validity of a zoning ordinance generally, we are mindful of the following:

> In determining the validity of a zoning ordinance, we recognize that each case must be determined on the facts. The factors to be weighed in considering the validity and reasonableness of rezoning are several. The pertinent inquiries go to whether the rezoning is consistent with long-range planning and based upon considerations which affect the whole community. The nature and character of the parcel, the use of the surrounding land and the overall scheme or zoning plan are also relevant. Finally, the interests of public health, morals and safety must also be considered, as well as the promotion of public welfare, convenience and general prosperity.

> The concept of public welfare is broad and inclusive and embraces in comprehensive zoning the orderliness of community growth, land value and aesthetic objectives.

*Step Now*, 264 Wis. 2d 662, ¶¶30-31.

¶11  "Spot zoning is not *per se* illegal." *Id.*, ¶28 (citation omitted). We apply the following standard to determine "whether a municipality's action amounts to illegal spot zoning." *Id.*, ¶31.

> Spot zoning to be accomplished through rezoning should only be indulged in where it is in the public interest and not solely for the benefit of the property owner who requests rezoning, absent any showing that a refusal to rezone will in effect confiscate his property by depriving him of all beneficial use thereof.

*Id.* (citations omitted).

¶12  On appeal, the homeowners argue that because there were disputed material facts as to whether the zoning change was in the public interest and not solely for the developer's benefit, the circuit court erroneously granted summary judgment. However, the homeowners appellants' brief does not identify the allegedly disputed facts that should have precluded summary judgment. Rather, the brief argues that summary judgment was not an available disposition, an argument we have rejected. While the brief offers numerous deposition excerpts, the brief does not discuss the excerpts in the context of the summary judgment record before the circuit court or apply the summary judgment methodology to them. Rather, the homeowners offer only conclusory statements that factual issues should have barred summary judgment against them. We will not make the homeowners' arguments for them. *See Vesely v. Security First Nat'l Bank*, 128

Wis. 2d 246, 255 n.5, 381 N.W.2d 593 (Ct. App. 1985) (we will not independently develop a litigant's argument).[4]

¶13   We turn to the circuit court's legal conclusions based on the undisputed facts.  The court concluded that the property's existing R-100 zoning allowed for conditional uses beyond single-family residences and included schools, churches, private lodges or clubs.  The court further concluded that the proposed project was not so vastly different from permitted uses in the R-100 zoning district[5] and was not completely inconsistent with R-100 zoning.  The court concluded that the board considered whether the rezoning was consistent with long-range planning and based upon considerations affecting the whole community, including the nature and character of the parcel, the use of the surrounding land, the overall scheme or zoning plan, and the public interest.  The circuit court concluded that there was a reasonable basis to rezone.

¶14   We conclude that the circuit court considered the proper factors in determining the validity of the zoning ordinance and that the board's decision had a reasonable basis.  *Step Now*, 264 Wis. 2d 662, ¶¶30-31 (zoning factors discussed).   The homeowners fail to adequately confront the circuit court's summary judgment analysis.  We affirm the circuit court's decision to grant summary judgment against them.

---

[4] The homeowners' recitation of facts in the reply brief, without record references, does not remedy the problem identified in the appellants' brief because the homeowners still do not apply the summary judgment methodology to the facts they offer.

[5] Included among those permitted uses are "nursing and rest homes for the aged." Mt. Pleasant, Wisconsin, Code of Ordinances § 90-371(d)(6) (2017).

¶15    The homeowners place unwarranted weight on the plan commission's rejection of the rezoning petition, which the board subsequently approved.  The applicable Village ordinance clearly places with the board the authority to determine a rezoning petition.  Mt. Pleasant, Wisconsin, Code of Ordinances § 90-76(a).  The homeowners do not explain why the ordinance does not apply in this case.  Again, we will not make their argument for them.  *See Vesely*, 128 Wis. 2d at 255 n.5.

¶16    The homeowners next argue that Trustee Feest, who voted at the board level to rezone, demonstrated that he misunderstood the Village's zoning code when he erroneously suggested that there was a presumption in favor of rezoning because the requested rezoning to RM-4 (residential multi-family) was a subset of the current zoning, R-100 (single-family homes).[6]  Therefore, the homeowners argue, Trustee Feest's vote at the board level should be declared void because it was based on a misunderstanding of the zoning code.

¶17    We agree with the Village and the developer that the homeowners misstate Trustee Feest's deposition testimony.  Contrary to the homeowners' claim on appeal that Trustee Feest believed that the requested RM-4 rezoning was a subset of the property's existing R-100 zoning, Trustee Feest's deposition testimony clearly acknowledges that rezoning was required for the project even as he considered that the project was consistent with permitted conditional uses in the R-100 zoning district.  Considering whether the proposed use was consistent with permitted conditional uses was an appropriate consideration.  *Step Now*, 264

---

[6] The circuit court's summary judgment decision addressed the vote at the board level of Trustee Hansen, not Trustee Feest.  Given that the homeowners' appellate argument focuses on Trustee Feest, we address Trustee Hansen only briefly in note seven.

8

Wis. 2d 662, ¶30. The homeowners have not established that Trustee Feest grounded his approval to rezone in a misunderstanding of the Village's zoning code.[7]

¶18　We affirm the circuit court's decision to grant summary judgment and dismiss the homeowners' claims.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[7] To the extent the homeowners urge this court to peer into Trustee Feest's decision-making, we decline to do so. A court's review in a zoning challenge does not extend to the motives of the individual trustees. *Ballenger v. Door County*, 131 Wis. 2d 422, 433, 388 N.W.2d 624 (Ct. App. 1986). The focus is on the decision of the board. *See Schmeling v. Phelps*, 212 Wis. 2d 898, 917, 569 N.W.2d 784 (Ct. App. 1997).

The homeowners also discuss Trustee Hansen's vote. Trustee Hansen voted against the rezoning at the plan commission level, but he voted for it at the board level. The homeowners cite no legal authority for the proposition that Trustee Hansen's vote should be invalidated or that he could not change his mind during proceedings before the board. In the presence of a record that supports the board's rational and reasonable decision to approve rezoning and issue a conditional use permit, that Trustee Hansen changed his mind during the pendency of the petition is not a basis to unwind the board's action.