COURT OF APPEALS
DECISION
DATED AND FILED

October 1, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1903**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV325

IN COURT OF APPEALS
DISTRICT II

MITCHELL GRUNWALD AND KYRA KORNELY,

   PLAINTIFFS-APPELLANTS,

 V.

ANDREW J. HELM AND MEGAN L. HELM,

   DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Ozaukee County: ADAM Y. GEROL, Judge. *Reversed and cause remanded for further proceedings.*

Before Neubauer, P.J., Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Mitchell Grunwald and Kyra Kornely (hereinafter the Grunwalds) appeal the circuit court's grant of summary judgment dismissing their Complaint[1] against Andrew J. Helm and Megan L. Helm (hereinafter the Helms), which alleged four claims related to their purchase of the Helms' home: (1) breach of contract; (2) common law intentional misrepresentation; (3) misrepresentation based on WIS. STAT. §§ 895.446 (2023-24)[2] and 943.20(1)(d); and (4) misrepresentation based on WIS. STAT. § 100.18.  The Grunwalds argue that the court erred in granting summary judgment to the Helms when it: (1) decided the Grunwalds waived their right to sue for breach of contract; (2) incorrectly applied the reasonable reliance standard to two of their misrepresentation claims; and (3) ruled as a matter of law that there was no misrepresentation.  We reverse and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND

¶2     In September 2021, the Grunwalds purchased a residential property located in Mequon from the Helms.  The Helms had owned the property from 2013 to 2021, and during that time, the backyard frequently flooded.  To manage the water issues on the property, the Helms installed a second sump pump crock.  The Helms also raised complaints about the flooding issues with the City of Mequon at least four times, most recently in 2019.  Following their most recent complaint to the City of Mequon, the Helms indicated the flooding issue had

---

[1] All references to the Complaint refer to the Amended Complaint filed in December 2023.

[2] All references to the Wisconsin Statutes are to the 2023-24 version.

lessened, which they believed resulted from the neighbor beginning to "tak[e] care of his property a little more."

¶3      In the property Real Estate Condition Report, the Helms represented that the only known defect affecting the basement was related to water and moisture "seepage [that] occurs in the basement when Neighbors pond gets high." The Helms also noted in the same Report that the backyard—but no structures— was in a flood plain.  Additionally, at some point prior to listing the property for sale, the Helms painted the basement floor and walls.

¶4      Prior to purchasing the property, the Grunwalds had a licensed home inspector inspect the property.  Neither the Grunwalds nor the home inspector identified any signs of leakage or flooding in the basement at that time.  Since moving into the home, however, the Grunwalds have replaced four sump pumps due to their "run[ning] continuously throughout the spring and summer and often during the fall and winter."  The Grunwalds averred that the leakage and flooding happened during most rainfalls and snow melts and often went on for days or weeks.  They also averred that the leakage has left behind dirt or rust stains the Grunwalds say were once hidden by the Helms' basement paint job.  The Grunwalds indicated they have observed flooding in the yard that has at times surrounded the driveway and complained that they planned to purchase a dog but that neither the dog nor their planned future children would be able to play in the backyard due to the flooding issues.  Lastly, the Grunwalds averred that their detached garage has flooded and that such flooding damaged the personal property stored inside.

¶5      After experiencing this multitude of water-related issues, the Grunwalds hired an engineer to inspect the property.  The engineer ultimately

opined that the Helms' explanation of the basement seepage listed in the "Real Estate Condition Report underreported and minimized the flooding and high groundwater conditions that have occurred at the property for several years."

¶6 The Grunwalds eventually filed suit against the Helms and alleged four causes of action: (1) breach of contract; (2) common law intentional misrepresentation; (3) misrepresentation based on WIS. STAT. §§ 895.446 and 943.20(1)(d); and (4) misrepresentation in violation of WIS. STAT. § 100.18. The Helms moved for summary judgment as to all four claims, which the circuit court granted following briefing and argument. The court reasoned that the law does not obligate sellers to explain "the magnitude" of a property's defects disclosed in the Real Estate Condition Report and further held that the Grunwalds waived the breach of contract claim because they did not have a professional engineer inspect the property before purchasing it. In regard to the dismissal of the Grunwalds' various misrepresentation claims, the court concluded that as to §§ 895.446 and 943.20(1)(d), the Grunwalds, as a matter of law, unreasonably relied on the Helms' representations, and as to § 100.18, that the Helms' representations in the Real Estate Condition Report were "objectively neither false, deceptive, nor misleading as a matter of law[.]" The Grunwalds now appeal.

## II.  STANDARD OF REVIEW

¶7 A moving party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "We review summary judgment decisions [de novo] using the same standards and method[s]" as the circuit court. ***Pawlowski v. American Fam.***

4

*Mut. Ins. Co.*, 2009 WI 105, ¶15, 322 Wis. 2d 21, 777 N.W.2d 67. Although we review such decisions de novo, we benefit from the circuit court's analysis. *Yahnke v. Carson*, 2000 WI 74, ¶10, 236 Wis. 2d 257, 613 N.W.2d 102. Additionally, "we view summary judgment materials in the light most favorable to the non-moving party[,]" and "'[a]ny reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the moving party[.]'" *Midwest Neurosciences Assocs., LLC v. Great Lakes Neurosurgical Assocs., LLC*, 2018 WI 112, ¶80, 384 Wis. 2d 669, 920 N.W.2d 767 (citation omitted). "A factual issue is 'genuine' if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party." *Id*. "A 'material fact' is one that is 'of consequence to the merits of the litigation.'" *Id.* (citation omitted).

### III. DISCUSSION

*A.    Breach of Contract*

¶8      We first consider whether the circuit court erred when it held—despite not having seen a copy of the parties' contract—that the Grunwalds nevertheless waived their breach of contract claim by purchasing the property without hiring an expert to inspect potential water issues.

¶9      "[W]aiver is a voluntary and intentional relinquishment of a known right" that "must be clear and unambiguous." *Faust v. Ladysmith-Hawkins Sch. Sys.*, 88 Wis. 2d 525, 532-33, 277 N.W.2d 303 (1979), *clarified on reconsideration*, 88 Wis. 2d 525, 281 N.W.2d 611 (1979). Here, the offer to purchase (e.g., the parties' contract) was not made part of the Record, and the circuit court therefore did not have the necessary information to determine whether the Grunwalds had "voluntar[ily] and intentional[ly] relinquish[ed] … a known right" identified in that contract. *See Faust*, 88 Wis. 2d at 532-33. This is

particularly so to the extent the court seemingly reached its conclusion based on the Grunwalds' having, for whatever reason, elected not to hire an engineer to inspect the property prior to the purchase. In other words, despite the court's conclusion to the contrary, the Grunwalds' failure to hire an engineer prior to the purchase could not, in and of itself, be a basis for granting summary judgment to the Helms on the breach of contract claim without the court having known what the contract itself required or permitted.

¶10 Moreover, *Malzewski v. Rapkin*, 2006 WI App 183, 296 Wis. 2d 98, 723 N.W.2d 156, does not control here because it is distinguishable from the circumstances in this case.[3] Specifically, in *Malzewski*, the appellant made the offer to purchase contingent on passing a home inspection and then later waived the contractual right to have a home inspection. *Id.*, ¶¶3-6. That is significantly different than what occurred here. While it is undisputed that the Grunwalds obtained a general home inspection prior to finalizing the purchase, because the purchase contract itself is not part of the Record, we cannot determine whether the Grunwalds waived a more specific inspection or, frankly, whether they waived any right at all. This is so because we simply do not know what the contract said, if anything, regarding the Grunwalds' general rights or, more specifically, about their ability or right to hire an engineer to evaluate the water issues prior to closing on the purchase.

¶11 Accordingly, the Record does not support the circuit court's determination that the Grunwalds waived their right to sue for breach of contract,

---

[3] We are similarly unpersuaded by the circuit court's reliance on *Lambert v. Hein*, 218 Wis. 2d 712, 728-29, 582 N.W.2d 84 (Ct. App. 1998), which also specifically referenced the purchase contract at issue.

and it erred in granting summary judgment on this basis. This does not mean, however, that the Grunwalds will ultimately prevail on this claim—it means only that there was insufficient evidence from which the court could conclude the Helms were entitled to summary judgment on this claim as a matter of law.

### B. *Common Law Misrepresentation*

¶12 We next consider whether the circuit court erred in granting summary judgment on the Grunwalds' common law misrepresentation claim when it held as a matter of law that the Grunwalds unreasonably relied on the Helms' representations. Specifically, the court noted that an intentional misrepresentation claim includes multiple elements, including "that the [buyer] believed that the representation was true and relied upon it," and that it was "on this [specific] element that the Grunwalds' intentional misrepresentation claim fails as a matter of law" based on *Malzewski* and *Lambert v. Hein*, 218 Wis. 2d 712, 582 N.W.2d 84 (Ct. App 1998).

¶13 In discussing an intentional misrepresentation claim in *Malzewski*, we said that "[a] buyer's claim based on a seller's alleged 'intentional misrepresentation requires that the buyer's reliance be justifiable.'" *Malzewski*, 296 Wis. 2d 98, ¶18 (quoting *Lambert*, 218 Wis. 2d at 731). We explained that there, "the Malzewskis' reliance on the Real Estate Condition Report *without exercising their right* to have the home inspected was not justified." *Malzewski*, 296 Wis. 2d 98, ¶18 (emphasis added). As discussed above, however, we cannot conclude—nor could the circuit court—whether the Grunwalds waived a contractual right when the contract was not made part of the Record on summary judgment. It was therefore inappropriate for the court to rely on *Malzewski* and

7

*Lambert* to reach the conclusion it did in regard to the intentional misrepresentation claim.[4]

¶14    Additionally, in *Novell v. Migliaccio*, our supreme court explained that reasonable reliance can be fact-specific and therefore may at times—although not always—ultimately present a question of fact.  *See* 2008 WI 44, ¶¶56-60, 309 Wis. 2d 132, 749 N.W.2d 544 (concluding that genuine issues of material fact remained regarding reasonable reliance in a WIS. STAT. § 100.18 claim).  There, the homeowner relied on a Real Estate Condition Report even though the home inspector identified high moisture and walls that were wet.  *Novell*, 309 Wis. 2d 132, ¶¶17, 56-60.  The *Novell* court reasoned that although the report described several foundational problems with the home, the circuit court could not have ruled *as a matter of law* that the reliance was unreasonable.  *Id.*, ¶¶54-56, 60.

¶15    We conclude that *Novell*'s holding applies here.  The Grunwalds knew about the basement water "seepage" defect and the floodplain just like the homebuyer in *Novell* knew about the structural issues.  However, these facts do not clearly establish that the Grunwalds unreasonably relied on the Report, which did not disclose the history of basement (or garage) flooding.  Based on these facts, we therefore conclude that the question of whether the Grunwalds unreasonably relied on the Helms' representations is a question of fact that the

---

[4] Specifically, the circuit court stated that the Grunwalds' reliance was not justifiable because they were aware of "at the very least[] potential defects in the basement" and that accordingly, their "reliance on the real estate condition report *without exercising the rights to have the home inspected further on this issue was not justified*." (Emphasis added.)  Again, we do not know what further rights the Grunwalds may or may not have had because the contract was, for whatever reason, not made part of the summary judgment proceedings.

factfinder must decide, as a jury could reasonably find that the Grunwalds had no reason to believe the report was incorrect.

        *C.*     *Misrepresentation Under* WIS. STAT. *§§ 895.446 and 943.20(1)(d)*

¶16    The Grunwalds also challenge the circuit court's grant of summary judgment on their WIS. STAT. §§ 895.446 and 943.20(1)(d) misrepresentation claim. We conclude the circuit court incorrectly added a reasonable reliance element to the statutory misrepresentation claim, and it therefore erred in granting summary judgment based on its conclusion that the Grunwalds' reliance was not reasonable as a matter of law.

¶17    In *Pagoudis v. Keidl*, our supreme court reiterated the six elements a plaintiff must establish when pursuing a misrepresentation claim under WIS. STAT. §§ 895.446 and 943.20(1)(d): "(1) that the defendant made a false representation to the plaintiff; (2) the defendant knew the representation was false; (3) the defendant intended to deceive and defraud the plaintiff; (4) the plaintiff was deceived; (5) the plaintiff was defrauded; and (6) the defendant obtained money through the sale of property to the plaintiff." 2023 WI 27, ¶15, 406 Wis. 2d 542, 988 N.W.2d 606. Notably absent from this list is any mention of reasonable reliance. Consequently, the circuit court here erred when it imported the *Malzewski* reasonable reliance element as part of its analysis as to this claim, and the court therefore erred in granting summary judgment on the misrepresentation claims arising under §§ 895.446 and 943.20(1)(d) on that basis.

### D. *Misrepresentation Based on WIS. STAT. § 100.18*

¶18 Finally, we review the circuit court's grant of summary judgment on the misrepresentation claim under WIS. STAT. § 100.18. To establish a claim under § 100.18, a plaintiff

> must allege that the defendant has, with the specified intent, made an "advertisement, announcement, statement or representation … to the public," which contains an "assertion, representation or statement of fact" that is "untrue, deceptive or misleading," and that the plaintiff has sustained a pecuniary loss as a result of the "assertion, representation or statement of fact."

*Tietsworth v. Harley-Davidson, Inc.*, 2004 WI 32, ¶39, 270 Wis. 2d 146, 677 N.W.2d 233 (omission in original; citation omitted).

¶19 In *Malzewski*, we concluded that a reasonable jury could find that the cracks in a basement wall and the sellers' attempted efforts at remediation should have been disclosed, and that the failure to disclose this information could support a WIS. STAT. § 100.18 misrepresentation claim. *Malzewski*, 296 Wis. 2d 98, ¶25. Here, the circuit court held that because the Helms checked the "yes" box regarding certain defects regarding multiple basement-related water and moisture issues in the Real Estate Condition Report, the "report was objectively neither false, deceptive, nor misleading as a matter of law." The court reached this conclusion because it reasoned that the Report put the buyers on notice of the defects, particularly because the sellers specified the defect of "seepage," and that this was sufficient to negate the Grunwalds' § 100.18 claim. However, similar to our conclusion in *Malzewski* that a reasonable jury could conclude that the sellers' "attempted efforts at remediation should have been disclosed[] and that failure to do so violated WIS. STAT. § 100.18," a reasonable jury here could likewise conclude that the Helms, particularly in light of the apparent fact that the basement

was painted at some point leading up to the sale, knew the term "seepage" minimized the actual scope of the water entry in the basement. *See **Malzewski***, 296 Wis. 2d 98, ¶25.

¶20    Accordingly, because there are disputed genuine issues of material fact from which a reasonable jury could find that the Helms minimized the scope of the water entry in the basement by using the term "seepage," the Helms were not entitled to summary judgment on the Grunwalds' WIS. STAT. § 100.18 claim and the circuit court erred in concluding otherwise.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.